JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| AJAY KUMAR,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA et al.,<br><br>Respondents. | Case No. 5:26-cv-04295-DFM<br><br>ORDER DENYING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Ajay Kumar has filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Respondents answered, see Dkt. 8 ("Answer"), and Petitioner replied, see Dkt. 10 ("Reply").

This is Petitioner's second habeas petition challenging his immigration detention. See Petition ¶ 3. Respondents contend that the Petition should be dismissed because Petitioner did not appeal the immigration judge's April 9, 2026 bond determination to the Board of Immigration Appeals ("BIA"). See Answer at 2. For the reasons set forth below, Petitioner's due process claim is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and his remaining claims are **DENIED**.

## II. BACKGROUND

Petitioner is a native and citizen of India. See Petition ¶ 19 & Ex. 4 ("Form I-589"). He entered the United States at or near Mooers Forks, New York, on May 15, 2024, and was apprehended by U.S. Border Patrol the same day. See id. ¶ 51 & Ex. 3 ("Form I-213"). The Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear charging him as an alien present in the United States without admission or parole, placed him in removal proceedings under 8 U.S.C. § 1229a, and released him the same day on an order of recognizance. See id. ¶¶ 52-53 & Ex. 2 ("NTA"); Form I-213. Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. See Form I-589. Petitioner has no criminal history. See Petition ¶ 100; Form I-213 (recording negative criminal record checks).

In November 2025, Immigration and Customs Enforcement officers took Petitioner into custody. See Petition ¶ 94. On February 5, 2026, Petitioner filed a petition for writ of habeas corpus in this Court challenging his re-detention. See id. ¶ 55; Kumar v. Santacruz, No. 5:26-cv-00515-MCS-DFM. On April 2, 2026, the assigned District Judge entered a final order that adopted in part the Report and Recommendation of the undersigned, concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that the circumstances of his re-detention violated due process, declined to order Petitioner's immediate release, and instead ordered Respondents to provide Petitioner an individualized bond hearing before an immigration judge ("IJ") within seven (7) days. See No. 5:26-cv-00515, Dkts. 20 ("April 1 Order"), 21 (Judgment).

An IJ held the ordered bond hearing on April 9, 2026. See Answer, Ex. 1 ("April 9 Bond Order"). Proceeding under INA § 236(a), the IJ found that Petitioner is not a danger to the community but denied bond on the ground

that Petitioner had not demonstrated that he is not a flight risk. See id. at 1-3. The IJ applied the factors set out in Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006), and relied on Petitioner's recent entry, the absence of direct family ties in the United States, uncertainty regarding his proposed residence, his failure to notify DHS and the immigration court of an address change, and the speculative nature of his applications for relief. See id. Petitioner reserved appeal, and the order states that any appeal was due May 8, 2026. See id.

On April 27, 2026, the IJ entered an order recording that Petitioner's request for a Rodriguez bond hearing was withdrawn at his request. See Answer, Ex. 2 ("April 27 Order") at 1. The order states that the immigration court did not have a Haryanvi interpreter, that Petitioner's counsel requested one, that counsel indicated he was too ill to proceed, and that DHS was prepared to go forward. See id.

On April 29, 2026, an IJ ordered Petitioner removed. See Petition, Ex. 6 ("EOIR Case Information"). The BIA received Petitioner's appeal of that order on May 27, 2026. See id., Ex. 5 ("BIA Filing Receipt"); EOIR Case Information. That appeal remains pending, and no briefing deadline has been set. See EOIR Case Information. Nothing in the record indicates that Petitioner appealed the April 9, 2026 bond determination to the BIA.

Petitioner remains detained at the Desert View Facility in Adelanto, California. See Petition ¶ 98 & Ex. 1 ("Detainee Locator Record"). He asserts claims under the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA"), and seeks immediate release or, in the alternative, a bond hearing at which the Government bears the burden by clear and convincing evidence, together with declaratory relief, restrictions on future re-detention, and fees under the Equal Access to Justice Act ("EAJA"). See id. ¶¶ 11, 104-119, at 25-26. In reply, Petitioner argues that exhaustion should not be applied

mechanically to a constitutional challenge to continued detention, that the April 27 withdrawal was not a knowing waiver of Petitioner's right to seek habeas relief concerning his continued custody, and that a stay rather than dismissal is the appropriate disposition if further exhaustion is required. See Reply at 1-4.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

### A. Petitioner's Detention Is Governed by 8 U.S.C. § 1226(a)

Detention before a removal order becomes "administratively final" is governed by 8 U.S.C. §§ 1225 and 1226; detention after is governed by § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). A removal order becomes administratively final "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)." Id. at 534; see also 8 C.F.R. § 1241.1.

Petitioner's removal order is not administratively final. His appeal was received by the BIA on May 27, 2026, and remains pending. See BIA Filing Receipt; EOIR Case Information. A decision from which an appeal to the BIA may be taken "shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending." 8 C.F.R. § 1003.6(a). Petitioner's detention is therefore governed by § 1226(a).

### B. Petitioner's Claims Are Unexhausted

A noncitizen must ordinarily exhaust available administrative remedies before challenging immigration detention under § 2241. "Once an alien has

received a . . . bond hearing before an [IJ], he may appeal the IJ's decision to the [BIA]. If the alien is dissatisfied with the BIA's decision, he may then file a habeas petition in the district court." Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011). This includes constitutional claims when those claims are reviewable by the BIA on appeal. See id. at 1160. When a petitioner does not exhaust this prudential administrative remedy, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Id.

To the extent Petitioner challenges the IJ's assessment of the Matter of Guerra factors, that challenge is directed at the evidentiary and discretionary basis of a custody determination. See Reply at 2. That is the type of error the BIA reviews on appeal. The administrative remedy is provided by regulation: "the alien or the Service may appeal the decision of an immigration judge" on bond to the BIA. 8 C.F.R. § 1236.1(d)(3)(i); see also 8 C.F.R. § 1003.19(a). The April 9 Bond Order reflects that Petitioner reserved appeal and that any appeal was due May 8, 2026. See April 9 Bond Order at 3. Nothing in the record indicates that an appeal was taken, and Petitioner does not contend that he took one. Because no appeal was taken, there is also no agency decision for this Court to examine.

The Court notes that the relief Petitioner requests from this Court is the relief he requested from the immigration court and withdrew: the April 27 Order records that Petitioner's request for a Rodriguez bond hearing was withdrawn at his request, and that DHS was prepared to proceed. See April 27 Order at 1. Petitioner responds that the withdrawal cannot be treated as a knowing waiver of his right to seek habeas relief concerning his continued custody because no Haryanvi interpreter was available and his counsel was ill. See Reply at 3. The IJ's order supports that account, and the Court does not treat the withdrawal as a waiver of anything. But those circumstances explain

only why the hearing did not proceed on April 27. They do not explain why, in the three (3) months between that date and the filing of this Petition, Petitioner made no further request to the immigration court.

Nor is the agency path closed now. After an initial bond redetermination, "an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Whether Petitioner can make that showing is for the immigration court in the first instance, but the months of additional detention and the developments in his removal proceedings since April 9 suggest he could do so. Respondents themselves take the position that "Petitioner should request a Rodriguez bond hearing." Answer at 2. Any decision on such a request is in turn appealable to the BIA. See 8 C.F.R. §§ 1003.19(a), 1236.1(d)(3)(i).

Petitioner asks that the Court stay these proceedings rather than dismiss them should it find that further proceedings are required, on the ground that dismissal would impair the Court's ability to grant relief in a case involving ongoing physical detention. See Reply at 3-4. Although the Court is mindful that the deadline to appeal the April 9 bond determination has passed, the administrative path is not closed: the procedure of 8 C.F.R. § 1003.19(e) remains available, Respondents affirmatively suggest Petitioner should request a Rodriguez bond hearing, and BIA review follows any decision. Dismissal without prejudice leaves Petitioner free to return to this Court after presenting his claims to the agency. A stay would leave this action open with nothing for the Court to do while the agency proceedings run their course.

### C. The APA and INA Claims Fail

The APA claim alleges that Respondents have adopted and applied to Petitioner a policy treating all noncitizens who entered without inspection as

subject to mandatory detention. See Petition ¶¶ 113-114. The INA claim alleges that "Respondent's claim Petitioner is detained pursuant to § 1235(b)," and that such detention is unauthorized. See id. ¶¶ 116-18. Respondents assert no such detention authority in this action, and no mandatory-detention policy was applied to Petitioner: the April 1 Order directed, and Petitioner received, an individualized custody redetermination under § 1226(a), at which the IJ exercised jurisdiction and decided bond on the merits. See April 9 Bond Order at 1-3. There is no live dispute over the statutory basis of Petitioner's detention, and no agency action applying the alleged policy to him is identified. The second and third claims are therefore denied.

### D. Remaining Requests for Relief

Petitioner's requests for immediate release and for declaratory relief rest on the due process claim and fall with its dismissal. The requests for orders restricting Petitioner's future re-detention seek prospective relief against events that have not occurred and are denied without prejudice as unripe. The request for costs and fees under EAJA is denied without prejudice as premature; Petitioner is not a prevailing party.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. Petitioner's first claim for relief (due process) is **DISMISSED** without prejudice for failure to exhaust administrative remedies;

2. Petitioner's second claim for relief (APA) and third claim for relief (INA) are **DENIED**;

3. The requests for orders restricting future re-detention are **DENIED** without prejudice as unripe;

///

///

4. The request for costs and fees under the Equal Access to Justice Act is **DENIED** without prejudice as premature; and

5. This action is **DISMISSED**.

Date: August 18, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge